# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KAREN ODALE,

    Plaintiff,

v.

CHRISTOPHER D. DAY, et al.,

    Defendants.

Case No. 2:25-cv-01984-APG-NJK

**ORDER**

[Docket No. 31]

Pending before the Court is Plaintiff's motion for leave to file a first amended complaint. Docket Nos. 31, 31-2 (motion and proposed first amended complaint). Defendants filed a response in opposition. Docket No. 34. Plaintiff filed a reply. Docket No. 37. The Court does not require a hearing. *See* Local Rule 78-1.

## I.    BACKGROUND

Plaintiff filed the original complaint in this matter on October 16, 2025. Docket No. 1. Defendant filed a motion to dismiss on January 12, 2026, which remains pending. Docket No. 15. The instant motion was filed on June 9, 2026. Dockt No. 31. The deadline to amend pleadings and add parties is June 12, 2026. Docket No. 30 at 2.

## II.    STANDARDS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. Not all of these factors carry equal weight and prejudice is the "touchstone." *Id.* Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* The party opposing the amendment bears the burden of showing why leave

1

should not be permitted. *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022).

## III.    ANALYSIS

Plaintiff seeks leave to file a first amended complaint to add allegations learned through discovery and to add several correctional officers as defendants. Docket No. 31 at 2-3; *see also* Docket No. 31-2. Defendants contend that amendment is futile because it is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 34 at 3-10.

In considering the enumerated Rule 15 factors, the Court is not persuaded that sufficient grounds exist to deny leave to amend. Although futility can be a basis to deny leave to amend, *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015), courts do not generally deny leave to amend on that ground, *Underwood*, 342 F.R.D. at 346-47. "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). The Court here declines to address futility arguments through the instant motion practice.[1] Accordingly, the Court is not persuaded that leave to amend should be denied.

## IV.    CONCLUSION

For the reasons discussed above, Plaintiff's motion for leave to file a first amended complaint is **GRANTED**. Docket No. 31. Plaintiff must promptly file and serve the first amended complaint. *See* Local Rule 15-1(b).

IT IS SO ORDERED.

Dated: July 14, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Defendants are free, of course, to challenge the sufficiency of the first amended complaint through appropriate motion practice after the first amended complaint has been filed.