**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Karen Odale,<br>Plaintiff(s),<br>v.<br>Christopher D. Day, et al.,<br>Defendant(s). | Case No. 2:25-cv-01984-APG-NJK<br>**Order**<br>[Docket No. 35] |

Pending before the Court is Plaintiff's motion to compel compliance with a subpoena *duces tecum* directed to nonparty Nevada Department of Corrections ("NDOC"). Docket No. 35. Counsel for Defendants Day, Chambers, and Vasquez filed a response in opposition arguing on behalf of NDOC. Docket No. 49. Plaintiff filed a reply. Docket No. 55. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** without prejudice the motion to compel.

Plaintiff alleges that her son died in the custody of the Nevada Department of Corrections ("NDOC") as a result of the use of excessive force. Docket No. 1 at ¶ 5. Plaintiff asks the Court to compel NDOC to comply with a subpoena seeking documents from it. NDOC has already produced documents in response to the subpoena, but now submits that the subpoena was not properly served. This contention raises a host of problems. First, it is a questionable practice to attempt to preserve an objection while also providing documents in response to a subpoena, *see, e.g.*, *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469-70 (N.D. Tex. 2015) (quoting *Heller v. City of Dallas*, 303 F.R.D. 466, 487-88 (N.D. Tex. 2014)), and such a tactic would seem

all the more implausible in the context of an objection to service of that subpoena.[1] Second, it is unclear how Defendants Day, Chambers, and Vasquez would have standing to advance arguments on behalf of NDOC. *See, e.g.*, *PlayUp, Inc. v. Mintas*, 2024 WL 472639, at *2 (D. Nev. Feb. 6, 2024). Third, NDOC proffers that it "will gladly supplement" its prior production. Docket No. 49 at 2. The parties' briefing begs the question why this dispute is being brought in full motion practice seeking the expenditure of scarce judicial resources.

Counsel are reminded that they have a duty to act in a manner that fosters the just, speedy, and inexpensive resolution of the case. *See* Fed. R. Civ. P. 1. Particularly in the discovery context, counsel must "strive to be cooperative, practical and sensible, and should seek judicial intervention only in extraordinary situations that implicate truly significant interests." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). As it is not clear that judicial oversight is necessary, the Court **DENIES** without prejudice the motion to compel. Counsel must promptly re-engage in the conferral process and, in so doing, must keep in mind their duties to each other and to the Court as outlined above. Any renewed motion to compel must be filed no later than October 1, 2026.

IT IS SO ORDERED.

Dated: September 15, 2026

Nancy J. Koppe
United States Magistrate Judge

[1] The rules governing service of a subpoena are not "designed to create an obstacle course for parties to navigate" nor are they designed to allow "a cat-and-mouse game" for subpoena recipients to evade the Court. *In re : Cathode Ray Tube Antitrust Litig.*, 281 F.R.D. 531, 532 n.1 (N.D. Cal. 2012). The rules are instead designed to provide <u>reasonable notice</u> to the subpoena recipient, *Cardinali v. PlusFour, Inc.*, 2019 WL 3456630, at *5-6 (D. Nev. June 20, 2019), which would seem to plainly exist when the recipient has actually produced responsive documents. Moreover, courts are leery of indulging formulistic arguments about the separateness of entities when there is an overlap of attorney representation. *See, e.g.*, *Gilbert v. Zurich Life Ins. Co. of Am.*, 2006 WL 8442041, at *5 (D. Nev. Jan. 4, 2006) (assertion that a new defendant did not have an opportunity to depose the plaintiff was "technically correct," but was also "clearly without substantive reality" given overlap in attorneys and relatedness of the parties). It appears to the Court that document submission was done by the Office of the Attorney General on behalf of the NDOC. *See* 36-6; *see also* 36-7.